UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

NICOLE SMITH,                                                       Index No.:

        PLAINTIFF,                                             **VERIFIED  COMPLAINT**
                                                                                  **JURY TRIAL DEMANDED**
-against-

ROSWELL PARK CANCER INSTITUTE
CORPORATION (ROSWELL PARK
COMPREHENSIVE CANCER CENTER),

        DEFENDANT.
_____

Plaintiff, NICOLE SMITH ("Plaintiff"), by her counsel, Sanders & Sanders, hereby complains as follows against Defendant ROSWELL PARK CANCER INSTITUTE CORPORATION (ROSWELL PARK COMPREHENSIVE CANCER CENTER) ("Defendant" or "Roswell Park"):

## NATURE OF COMPLAINT

1.      This is a proceeding for declarative relief and damages for violations of Plaintiff's rights under the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101, *et seq.* ("ADA") and the New York State Human Rights Law ("HRL").  Plaintiff contends Defendant retaliated against her and discriminated against her based on her disability by subjecting her to discriminatory terms and conditions of employment, including differential treatment and a hostile work environment, due to her disability and because she engaged in protected activity under the relevant statutes.

## JURISDICTION AND VENUE

2.      This court has original jurisdiction pursuant to 28 U.S.C. § 1331 and § 1343(4), as the Plaintiff asserts violations of her rights under the ADA.

3.      This court has supplemental jurisdiction pursuant to 28 U.S.C. §1367(a).

4. Venue is proper under 28 U.S.C. §1391(b).

## PARTIES

5. Plaintiff has been a resident of New York State at all relevant times hereto. She suffers from a disability as that term is defined by the ADA and the HRL.

6. Defendant is a hospital and healthcare provider, with a principal location at Elm Street and Carlton Street, Buffalo, NY 14203, and is an employer within the meaning of the ADA and the HRL.

## EXHAUSTION OF REMEDIES

7. Plaintiff filed a timely charge of discrimination with the United States Equal Employment Opportunity Commission ("EEOC") on July 14, 2022. (**Exhibit 1**).

8. Plaintiff received a Determination and Notice of Rights from the EEOC on September 14, 2023. (**Exhibit 2**).

9. This action is timely commenced as is within 90 days of Plaintiff's receipt of the Determination and Notice of Rights from the EEOC.

## DISABILITY DISCRIMINATION

10. Plaintiff began her full-time employment with Defendant in or around September 2009, as a Medical Records Clerk.

11. Plaintiff's duties as a Medical Records Clerk involved answering phones, filing paperwork, sending faxes, making photocopies of documents, handling patient requests for records, handling death certificates, corresponding with funeral homes, and training other staff members to perform similar job duties.

12. On August 31, 2021, Defendant sent an email to its employees informing them of New York State's COVID-19 vaccination mandate, 10 NYCRR § 2.61 (the "vaccine mandate" or the

"mandate").  The email stated that, pursuant to the mandate, all personnel at all hospitals, healthcare facilities and nursing homes in New York State must have received at least one dose of a COVID-19 vaccine by September 27, 2021, and must become fully vaccinated with the recommended course of doses within a timely fashion.

13. The email also stated that, according to the regulations, exemptions for medical reasons may apply if supported by appropriate medical documentation.

14. Defendant thereafter began requiring its employees, including Plaintiff, to receive the COVID-19 vaccine pursuant to 10 NYCRR § 2.61.

15. At the time the vaccine mandate was issued by Defendant, Plaintiff was, in addition to being employed at Defendant, also a patient there, as she received treatments at Defendant's healthcare facilities on multiple occasions.

16. Following the issuance of the vaccine mandate, Plaintiff advised Defendant on or about September 2, 2021 that she was requesting a medical exemption from the mandate.

17. Defendant advised Plaintiff that it would still consider an exemption request even if it was made after September 27, 2021.

18. Defendant placed Plaintiff on indefinite unpaid suspension on September 28, 2021.

19. On or about September 29, 2021, Plaintiff exercised her rights under the ADA by submitting a medical exemption request form, titled "Roswell Park Mandatory COVID-19 Vaccine Program Request for Reasonable Accommodation Based on Medical Reasons," which was completed and signed by her primary care physician on or about the same date.  (**Exhibit 3**).

20. The exemption form states, in part, that Defendant required that the requesting employee's physician or certified nurse practitioner submit certification that the COVID-19 vaccination would be detrimental to the health of the employee based upon a pre-existing condition.

3

21. On the exemption request form, Plaintiff's physician indicated that the specific condition for which Plaintiff should be exempt from the vaccine for was her psoriatic arthritis and psoriasis of scalp.

22. In addition to this form, Plaintiff submitted to Defendant a form titled, "Request for Reasonable Accommodations Based on Medical Reasons COVID-19 Vaccine Medical Exemption Form," which was signed by her primary care physician on or about October 3, 2021.  (**Exhibit 4**). This form also requested exemption from the vaccine mandate as a reasonable accommodation for a medical condition, and proposed alternative work arrangements to address concerns about the virus, such as having Plaintiff undergo regular weekly testing for the virus.

23. Plaintiff's medical exemption was based on her condition of psoriatic arthritis, psoriasis annularis, and psoriasis of the scalp, as assessed by her primary care physician.

24. At the time Plaintiff submitted her medical exemption request, she was also undergoing treatment for a type of infection that causes psoriasis lesions.  At that time, Plaintiff was also on a variety of antibiotics due to the infection and had to undergo surgery because of the severity of the infection.

25. Plaintiff's job duties never placed her in contact with any patients as she worked in a separate building from the hospital.

26. Sometime thereafter, in approximately October or November of 2021, Claimant requested and was granted an exemption from the vaccine mandate as an accommodation for her religious beliefs, but Roswell Park informed Claimant shortly thereafter, sometime in November 2021, that her religious exemption was rescinded.

27. On November 2, 2021, Plaintiff was treated at Defendant's own Dermatology Center for a follow-up appointment related to her psoriatic arthritis and psoriasis of scalp conditions.

28. On November 24, 2021, her physician at Signature OB/GYN wrote that Plaintiff was a patient at the clinic and had been referred to Buffalo Infertility & IVF Associates due to infertility, and that she would be continuing care with them until further notice. On December 2, 2021, Claimant was treated by another physician at Buffalo Infertility & IVF Associates.

29. On December 6, 2021, Plaintiff additionally signed and submitted to Defendant another form she obtained from Defendant, titled an "Employee Request for Reasonable Accommodation," in which she indicated that she "submitted signed medical exemption already on file," referenced her primary care physician's contact information, as well as the contact info for Defendant's Dermatology clinic, and further indicated that she had provided "signed medical exemption from my primary doctor." On that form, Plaintiff also indicated that she was requesting a reasonable accommodation for her "PSA/Infertility Problems" and her "Immuno disease with no known cure and Infertility problems for IVF" and that there was an "FMLA on File Active." (**Exhibit 5**)

30. On that same date, December 7, 2021, Defendant placed Plaintiff on indefinite suspension without pay. She had also been suspended on September 28, 2021. After placing her on suspension on December 7, 2021, Defendant never offered Plaintiff the opportunity to perform her job remotely.

31. On approximately December 10, 2021, Defendant issued Plaintiff a notice that she was discharged from her employment for misconduct.

32. Defendant denied both Plaintiff's request for a medical exemption and requests (both of them) for a reasonable accommodation.

33. Plaintiff applied for unemployment benefits from New York State Department of Labor ("DOL") shortly thereafter. On December 30, 2021, Defendant returned a completed questionnaire form sent by the DOL, in which the question, "What was the final incident that resulted in the

claimant's discharge and on what date did it occur?" was asked, to which Defendant responded that the final incident that resulted in Plaintiff's discharge was December 6, 2021, and that the reason was Plaintiff did not receive a COVID-19 vaccine and was not compliant with the vaccine mandate. (**Exhibit 6**)

34. Additionally, the questionnaire form asked Defendant, "What reason did the claimant give you for his/her actions that led to discharge (please relate to question 9 on the previous page) and why did you not accept this reason?" No answer was given in response to this question, and the space reserved for a response was left blank. *Id*.

35. Plaintiff complied with the requirements necessary to receive an exemption from the vaccine mandate, submitted a timely exemption request form and a request for a reasonable accommodation to be exempted from the vaccine.

36. Prior to her termination, Plaintiff had already worked for a period of several months while she was not vaccinated, during which time Defendant cited no negative issues with her performance, and upon information and belief, Plaintiff's job performance was satisfactory during this period she was not vaccinated.

37. Defendant cited no negative issues with Plaintiff's performance, and upon information and belief, Plaintiff's job performance was satisfactory.

38. The only reason Defendant cited for terminating Plaintiff's employment was the fact she did not receive the COVID-19 vaccine.

39. It would not have been an undue hardship for Defendant to have accommodated Plaintiff by exempting her from the COVID-19 vaccination requirement.

40. Defendant has still never provided any reason why it denied Plaintiff's request for a medical exemption or her requests (both of them) for reasonable accommodation.

41.     Additionally, vaccine mandates such as the one Defendant implemented in this matter have since been found to have been unlawful. On January 13, 2023, the Supreme Court of the State of New York in *Medical Professionals for Informed Consent v. Bassett*, No. 008575/2022 (GJN) (Sup. Ct. Onondaga Cty., Jan. 13, 2023) issued a decision holding that the State's COVID-19 vaccine mandate, 10 NYCRR § 2.61 was "null, void, and of no effect," and that the authority to enforce the vaccine mandate never lawfully existed *Id*. at *12.

42.     The New York State Supreme Court also addressed the precise issues presented in this matter against the same Defendant in its decision in *Cooper v. Roswell Park Comprehensive Cancer Ctr.*, No. 805274/2023 (EC) (Sup Ct. Erie Cty, Aug. 17, 2023). In *Cooper*, the petitioner was a Registered Nurse employed with Defendant who, like Plaintiff here, was terminated for refusing to receive the COVID-19 vaccine pursuant to 10 NYCRR § 2.61. *Id*. at * 2. The petitioner grieved the termination up through arbitration, and the arbitrator upheld the termination. *Id*. The petitioner commenced a proceeding pursuant to CPLR Article 75, alleging the arbitrator ignored judicial precedent that declared the subject regulation unconstitutional, null, and void. *Id*. The respondent (the same party as Defendant herein) argued that the petitioner's refusal to comply with the vaccine mandate constituted insubordination and that it therefore had just cause to terminate her. *Id*. The court, citing the January 13, 2023 decision in *Bassett*, No. 008575/2022, concluded that because the vaccine mandate had been determined to be null and void, the arbitrator's decision was irrational and violated public policy, and the interests of justice required vacatur of the arbitrator's award. *Id*. at *13-22. The court held so even after the respondent argued that at the time the petitioner was terminated, the vaccine mandate had not yet been set aside and the decision to terminate her was based on the employee's conduct at the time the discipline was imposed. *Id*. at 12. The respondent also argued that

7

the arbitrator's decision was rational and thus immune from judicial review as, at the time the employee was terminated, the hospital was legally required to enforce the mandate. *Id.*

## FIRST CAUSE OF ACTION –
## DISABILITY DISCRIMINATION IN VIOLATION OF ADA

43. Plaintiff repeats and realleges every allegation in paragraphs 1 through 42 of this Complaint with the same force and effect as though fully set forth herein.

44. At all relevant times herein, Plaintiff had a disability within the meaning of the ADA.

45. Defendant engaged in a pattern and practice of discrimination against Plaintiff on the basis of her disabilities, which included discriminatory terms and conditions of employment, by failing to reasonably accommodate Plaintiff's disabilities, suspending her and terminating her employment as set forth above, which included discriminatory terms and conditions of employment, in violation of the ADA.

46. As a direct result of Defendant's acts set forth herein against Plaintiff, Plaintiff has lost past and future wages and other employment benefits, and has suffered damage to her reputation and severe and lasting embarrassment, humiliation and anguish, and other incidental and consequential damages and expenses.

47. Defendant's conduct was outrageous, was done in a deliberate and malicious manner intended to injure Plaintiff and was done in conscious disregard to Plaintiff's rights. Therefore, Plaintiff is entitled to an award of punitive damages.

## SECOND CAUSE OF ACTION –
## DISABILITY DISCRIMINATION IN VIOLATION OF THE NEW YORK STATE HRL

48. Plaintiff repeats and realleges every allegation in paragraphs 1 through 47 of this Complaint with the same force and effect as though fully set forth herein.

49. At all relevant times, herein, Plaintiff was a disabled employee within the meaning of the HRL.

50.     Defendant engaged in a pattern and practice of discrimination against Plaintiff on the basis of her disabilities, which included discriminatory terms and conditions of employment, by failing to reasonably accommodate Plaintiff's disabilities, suspending her and terminating her employment as set forth above, in violation of the HRL.

51.     As a direct result of the Defendant's acts against Plaintiff, Plaintiff has lost past and future wages and other employment benefits and has suffered damage to her reputation and severe and lasting embarrassment, humiliation and anguish, and other incidental and consequential damages and expenses.

## THIRD CAUSE OF ACTION – RETALIATION IN VIOLATION OF ADA

52.     Plaintiff repeats and realleges every allegation in paragraphs 1 through 51 of this Complaint with the same force and effect as though fully set forth herein.

53.     At all relevant times, herein, Plaintiff was a disabled employee within the meaning of the ADA.

54.     In addition to the discrimination alleged above, Defendant also subjected Plaintiff to unlawful retaliation when it suspended her and terminated her for having engaged in protected activities under the ADA, including requesting reasonable accommodations for her disabilities.

55.     As a direct result of the Defendant's acts against Plaintiff, Plaintiff has lost past and future wages and other employment benefits and has suffered damage to her reputation and severe and lasting embarrassment, humiliation and anguish, and other incidental and consequential damages and expenses.

## FOURTH CAUSE OF ACTION – RETALIATION IN VIOLATION OF THE NEW YORK STATE HRL

56. Plaintiff repeats and realleges every allegation in paragraphs 1 through 55 of this Complaint with the same force and effect as though fully set forth herein.

57. At all relevant times, herein, Plaintiff was a disabled employee within the meaning of the HRL.

58. In addition to the discrimination alleged above, Defendant also subjected Plaintiff to unlawful retaliation when it suspended her and terminated her for having engaged in protected activities under the HRL, including requesting reasonable accommodations for her disabilities.

59. As a direct result of the Defendant's acts against Plaintiff, Plaintiff has lost past and future wages and other employment benefits and has suffered damage to her reputation and severe and lasting embarrassment, humiliation and anguish, and other incidental and consequential damages and expenses.

WHEREFORE, Plaintiff requests relief as hereinafter provided:

a) Empanel a jury to hear Plaintiff's complaint;

b) Enter judgement declaring the acts and practices of Defendant to be in violation of the laws of the United States and the State of New York;

c) Issue a permanent injunction ordering Defendant to cease and desist from engaging in the illegal and unlawful acts and practices described herein;

d) Award Plaintiff the amount of wages, including fringe benefits, lost as a result of Defendant's discrimination;

e) Award Plaintiff compensatory damages for losses resulting from Defendant's discrimination;

f) Award Plaintiff punitive damages;

  g)  Award Plaintiff the cost of this action, together with interest and reasonable attorney's fees.

Dated: Cheektowaga, New York
    December 12, 2023

                          s/Harvey P. Sanders
                          Harvey P. Sanders, Esq.
                          SANDERS & SANDERS
                          Attorneys for Plaintiff
                          401 Maryvale Drive
                          Cheektowaga, NY 14225
                          (716) 839-1489

## VERIFICATION

State of New York    )
County of Erie       ) SS:

      Nicole Smith, being duly sworn, deposes and says that she is the Plaintiff herein; that she has read the foregoing Complaint and knows the contents thereof; that the same is true of her own knowledge except as to the matters therein stated on information and belief; and that as to those matters, she believes the same to be true.

                                                _____
                                                Nicole Smith

Subscribed and sworn to before me
this ___12___ day of December, 2023.

_____
Notary Public

SHARON AIKENS DZIERBA
NOTARY PUBLIC STATE OF NEW YORK
ERIE COUNTY
LIC. #01DZ6234961
COMM. EXP. 1/31/2027

12